In the Matter of ALBERT J. LEYTON (Admitted as ALBERT J. LAVROWSKY), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 6, 1968.

*John G. Bonomi* of counsel (*Michael Franck* with him on the brief), for petitioner.

*Philip C. Schiffman* for respondent.

*Per Curiam.* The respondent was admitted to the Bar in the Second Department in June, 1958. He is charged with serious professional misconduct, including the conversion of funds.

The charges are (1) that respondent entered into an agreement with one, Davis, to form a corporation in which Davis was to invest $10,500; by the terms of the agreement respondent was to deposit all corporate moneys invested by Davis and others in a corporate bank account and withdrawals therefrom were to require Davis' signature; Davis paid respondent the sum of $10,000 pursuant to the above agreement, which sum respondent failed to deposit in a corporate account, converted it to his own use and has not accounted for despite demands for an accounting; and (2) that the respondent had unreasonably failed to co-operate with the petitioner's Committee on Grievances, in its initial investigation, in that he failed to respond to several letters written to him and in that he failed to appear for interviews scheduled by the said committee.

The above charges were fully sustained by the proofs and, accordingly, the Referee's report, finding that the charges were established, should in all respects be confirmed.

Respondent, who apparently was never engaged in active law practice in this State, and who is now a resident of the State of California, has shown a complete disinterest in his professional obligations. He has demonstrated " such a deficiency in character and fitness and such an indifference to the standards required of members of the Bar as to require his disbarment." (*Matter of Markowitz,* 28 A D 2d 262, 263; *Matter of Turk,* 25 A D 2d 255; *Matter of Glaubman,* 278 App. Div. 346.) Therefore, respondent should be disbarred. We do not take into consideration respondent's failure to co-operate.

Petitioner has also moved to conform the petition to the proof by adding a supplemental charge that respondent has been guilty of giving false testimony under oath. The respondent did give false testimony. However, we do not base this decision on this showing. Therefore, we do not pass upon the motion of the petitioner.

Accordingly, respondent should be disbarred. Petitioner's motion is granted to the extent herein indicated. Respondent's cross motion to disaffirm the Referee's report and dismiss the charges is denied.

EAGER, J. P., CAPOZZOLI, TILZER, McGIVERN and RABIN, JJ., concur.

Respondent disbarred effective July 8, 1968.