In the Matter of JOHN J. SPATA, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 7, 1970.

*John G. Bonomi* of counsel (*Ronald Eisenman* with him on the brief), for petitioner.

No appearance by respondent.

*Per Curiam.* Respondent was admitted to practice by the Appellate Division of the Second Judicial Department in December, 1940. This proceeding was duly instituted by notice and petition by the Association of the Bar of the City of New York and, although the respondent did not appear or answer herein, the proceeding was referred to a Referee for the taking of evidence and the rendering of a report. The Referee has found that all the charges as alleged in the petition were duly established and has so reported. Petitioner's motion to confirm the Referee's report should be in all respects granted.

64

The charges, as sustained, and the evidence in support thereof, establish (Charge 1) that the respondent wrongfully converted to his own use the sum of $750 given to him by a client for the purpose of paying a binder or down payment for offices of a corporation formed by respondent; (Charge 2) that the respondent wrongfully converted to his own use the sum of $4,350 paid to him by a client to invest in a business enterprise in which the respondent was a partner; (Charge 3) that the respondent failed to prosecute a claim for goods sold and delivered on behalf of a client whereas he had received a retainer of $300 for prosecution of the same; (Charge 4) that the respondent, accepting a retainer to prosecute a personal injury claim, neglected the prosecution of the same thereby permitting the claim to be barred by the applicable Statute of Limitations; and (Charge 5) that the respondent had issued and delivered to the payees several checks on accounts maintained by him in two banks notwithstanding there were insufficient funds in the accounts for the honoring of the checks, and the checks being returned for insufficient funds when presented for payment.

Unquestionably, the charges as established represent most serious professional misconduct and indicate such a disregard for the standards required for members of the Bar that the respondent should be disbarred and it is so directed. (See *Matter of McGarl*, 33 A D 2d 223; *Matter of Whitaker*, 30 A D 2d 162; *Matter of Leyton*, 30 A D 2d 152; *Matter of Turk*, 25 A D 2d 255.)

STEVENS, P. J., EAGER, McGIVERN, NUNEZ and McNALLY, JJ., concur.

Respondent disbarred, effective May 7, 1970.